Cook *v.* Bodine.

## Lewis D. Cook and others

### *v.*

### John Bodine and others.

In 1872, complainants conveyed the fee of certain lands to a judgment debtor, whose father advanced the consideration. For improvements thereon afterwards made by the complainants, they received first a mortgage, and then a deed for the premises, to re-imburse them. —*Held,* that the lien of the judgment, which was obtained in 1867, was superior to their equitable rights in the premises.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. R. V. Lindabury,* for complainants.

*Mr. J. G. Bergen,* for defendants.

The Chancellor.

The complainants file their bill to restrain the defendants from executing against certain land in the bill described, a judgment recovered by Bodine & Co., in Somerset circuit court, against Theodore Giles, on the 5th of June, 1867, for

Cook *v.* Bodine.

$350.69. The ground on which the relief is asked, is as follows: In the winter of 1871, the complainants, who were lumber dealers in Bound Brook, and in whose employ Theodore Giles then was, proposed to Richard F. Giles, the father of the latter, that he should buy a lot of land there from the complainant Lewis D. Cook, and give it to his son, and offered, if he would do so, to advance the requisite money to the son to enable him to build a house on the property, the repayment of the advances to be secured to them by first mortgage of the property, to be given when the house was completed. The offer was accepted, and Richard F. Giles bought the lot accordingly, and paid to Lewis D. Cook $500 in full for the price of it, and Lewis D. Cook conveyed the property to Theodore Giles accordingly, by deed dated March 29th, 1872. The complainants borrowed of Cornelius V. N. Stryker $2,100, to enable them to make the advances, and carried the amount to the credit of Theodore Giles on their books. They advanced to the latter in all, for the building of the house and grading the lot, about $4,500. He himself contributed nothing. On the 2d of October, 1872, the house being then nearly completed, Theodore Giles gave a mortgage on the property to Stryker, to secure the $2,100 lent by the latter to the complainants, as before mentioned, and interest, and Stryker, in consideration thereof, discharged the complainants from liability to him for or on account of the loan. On the 1st of January, 1872, Theodore Giles gave a mortgage on the property to his father, to secure the payment of $1,000, which the latter lent him previously to 1872 to put into the business of the complainants, who became sureties to the father for its repayment. On the giving of that mortgage, the father, in consideration thereof, discharged the complainants from liability to him on account of that loan, and the son was credited with the amount on the complainants' claim against him for advances. After giving the mortgage to Stryker, and applying the $1,000 last mentioned, there was due to the complainants, on account of the advances, on

the 13th of April, 1875, $1,500, for which Theodore Giles and his wife gave to them a mortgage on the property. Subsequently, on the 7th of March, 1877, he and his wife conveyed the property to them, and they, since then, have paid interest to both Stryker and Richard F. Giles on their respective mortgages.

It is not denied that the judgment is a valid one, or that there is due thereon the amount claimed by the plaintiffs therein. Nor is any estoppel claimed as against the plaintiffs in the judgment. The claim to the relief sought is placed on the ground of equitable preference in favor of the complainants over Bodine & Co.'s legal right, in view of the fact that the former agreed to provide, and did furnish accordingly, the money for building the house, on an agreement that its payment was to. be secured by a mortgage which was to be the first encumbrance on the property. The fact that the complainants were, when they made their advances, ignorant of the existence of the judgment, is not, in itself, a ground of equitable relief. *Haggerty* v. *McCanna,* 10 *C. E. Gr.* 48 ; *Dillett* v. *Kemble, Id.* 66. An examination of the records would have apprised them of it.

When Lewis D. Cook conveyed the lot to Theodore F. Giles, receiving full payment of the consideration money, the judgment thereupon became, by operation of law, a lien thereon. The vendor was paid in full, and the title to the property was absolute in the vendee. The wife of the latter would have been entitled to dower in it, and her interest surely was not liable to be affected by the collateral agreement made by the complainants with her husband's father, that if he would pay the purchase-money for his son, as a gift to the latter, they would aid the son in building a house on the property. No more was the legal lien of the judgment affected by that agreement. It is not difficult to perceive that to allow equitable preference to such claims as that of the complainants in this case, over legal encumbrances, would be to subject the latter to liabilities which would not only be unjust, but which would often be

destructive of them. It would enable the judgment debtor, by means of equitable liens for improvements put on the property, to postpone, and so, perhaps, render worthless the legal lien, which is by law entitled to priority.

The bill will be dismissed, with costs.